You may proceed. Thank you, Your Honor. This conviction must be reversed because at trial, Ms. Ramirez-Krotky was convicted not on the charges against her, but the focus at trial was shifted by the government to extraordinarily prejudicial acts that occurred approximately five years before the current offense. These extraordinarily prejudicial acts had no relevance to the issue at trial. The issue at trial and the basis of the defense was knowledge, specifically knowledge of the marijuana that was secreted in the backseat of a vehicle that was not Ms. Ramirez-Krotky's vehicle. With the Court's permission, I would like to begin with the 404B argument, specifically three separate sections, the first being relevance, the second being the four factors of 404B, and the third being a 403 analysis. Beginning with relevance. MS. RAMIREZ-KROTKY The relevance issue is difficult because of all the prior cases. I mean, on one level, I don't understand what this has to do with her knowledge and why it isn't simply a character evidence. I mean, what you're really saying is it's likely that she knew because in the past what the government is saying is that she probably was doing, was knowingly transporting this because in the past she has knowingly carried around marijuana, but I don't see any other connection. Nonetheless, we have many cases which seem to recognize prior drug offenses as going to knowledge or intent. MR. GOLDSTEIN Yes, Your Honor. I would make a distinction with many of those cases, and I understand that point, and the distinction is that in this case, well, there's two points that I'd like to make in response to that question. The first is that many times that 404B evidence of prior acts was brought in in response to a particular defense. That's not the case here. This 404B evidence was brought in the government's case in chief before the defense was even presented to the jury. The witness who presented the 404B evidence of Ms. Krotky being the subject of an undercover sting operation by the DA for two controlled substances sales and, in addition to that, that she had one criminal case in her purse was presented to the jury before any defense was put on. I believe that this Court has before sent back cases such as Garcia Orozco and Hernandez Miranda, where in those two cases, Your Honor, in Garcia Orozco, the trial court held that the 404B evidence was not admissible in the case in chief. It came in rebuttal, and that I believe also that this Court decided that there was an abuse of discretion by the trial court in allowing the introduction of the 404B evidence. Kagan. The cases are both quite old, and more recently, you know, for good or ill, we seem to be allowing this without much explanation. And I guess I need to know how, you know, why this case – I understand you're going to go on and tell us why the factors don't apply, but just conceptually, why we're not bound by, you know, the cases since 1982, which seem to suggest that the fact that somebody has knowingly had a drug before is relevant to whether they knowingly have one now as a matter of occasion, Chief. And then also there's the case law that says that when it's intent to sell, it's particularly relevant. Yes, Your Honor. If I could address those points sequentially, beginning with I think that in many of those cases also, and I would like to cite the Mermanesh, the Court of Appeals specifically found that the trial court conducted, and I quote from the opinion, a considered balancing, and they considered all of the facts of 403 and of 404B and of the relevance. Additionally, Your Honor, the government is required under MIAS to articulate the precise evidential hypothesis by which the evidence is going to be presented. That was not done in this case. I believe that – You're disputing the notice or no? Your Honor, I believe that I'm still disputing the relevance, because I believe that under MIAS, in order to establish relevance, that a precise evidential hypothesis must be articulated before the court. And I believe, to answer Your Honor's question, that many of the prior cases, there was a considered analysis. A precise evidential hypothesis was presented to the trial court, and the trial court made that judgment. But, you know, you're talking about the prior cases, the one you mentioned, Garcia-Roscoe, but wasn't the difference there is that the link between being a passenger in a car where drugs were found and now being the person responsible in a car where drugs were found was attenuated where here, your client is in a parallel position in both instances. So I'm having some trouble applying Garcia-Roscoe. Maybe you can illuminate that. Thank you, Your Honor. I would respectfully distinguish the cases by saying that Garcia-Roscoe actually possessed more similarity than was present in this case. In Garcia-Roscoe, it was a vehicle, both occasions, the defendant was in that vehicle. Third of all, Your Honor, in Garcia-Roscoe, the prior occurred three years before the offense that was charged. I think that there was actual more similarity, and there was a precise evidential hypothesis that was ruled not relevant in that case. In this case, Your Honor, if I may present the facts from trial, Ms. Ramirez-Crocky, the jury was convinced that Ms. Ramirez-Crocky was the subject of a DEA undercover sting, an investigation in which she participated in the sale of two times of controlled substances, and also that she had one pound of marijuana in her purse at a casino in El Cajon, California. The similarity that that has to driving another person's vehicle at the Tecate Port of Entry at the international border between Mexico and the United States is attenuated at best. Well, the question is similar as to what? The two things that this could possibly go to are whether she knew what was hidden in the car, I suppose, and an issue that wasn't really contested but was part of the government's case in chief, which is whether if she knew what was hidden in the car, did she intend to sell it, right? Yes. And so really, when you're talking about what's similar and what's dissimilar, you have to relate it to the facts that the government had to prove. Yes, Your Honor. And I think this ties in with relevance, because I believe that if the defense were that Ms. Crocky knew there was contraband in the car but did not intend to sell it, then the 404B would be relevant. That was not the defense at trial. But isn't there case law that says that if it's part of the government's case in chief to prove that element, the fact that there's no defense on it doesn't really matter? In other words, if the government has to prove it in order to establish something, then it can establish 404B evidence to prove it, even if it's not really directly controverted. Well, Your Honor, I think it's the similarity is still required for intent as knowledge. And that similarity was – I would first admit that similarity was not present here. And I would also argue that the government, if it were to improve intent, had the facts of the case to prove that, had the charges against Ms. Ramirez Crocky, allowing them to introduce this highly extraordinarily prejudicial evidence before the jury in their fifth witness, who was the witness right before Ms. Ramirez Crocky testified. And I think that's another parallel that we see here, is that in Garcia Orozco, it was not held to be harmless error. It was harmful error because the testimony of the defendant was crucial to the defense. Here in Judge Benitez, allowing in this 404B evidence right before – the last witness before Ms. Ramirez Crocky was giving a plausible explanation and giving a defense, it was highly prejudicial. It did not meet the requirements of 404B. And it was not relevant to the issues at this trial. Do you want to reserve the remaining time? Yes, Your Honor. Thank you. May it please the Court. Good morning, Your Honors. My name is Stephen Tokars, representing the United States of America in this appeal. It's important for the Court to note right off the bat that this case that was tried in district court was tried with a fair trial. The defendant was caught red-handed driving a car at the Scotty Port of Entry that contained marijuana. She made a post-Miranda confession at that time, acknowledging knowledge of the drugs. We had an explanation for it. And the jury's judgment as to whether it bothered explanation could certainly have been influenced by its perception of whether or not she was a person with propensity to engage in this similar behavior. Nonetheless, that propensity determination, which is how people make decisions often in life, is not itself admissible in court. So why wasn't this prejudicial evidence? In this case, the evidence was not introduced to show propensity. The Rule 404B evidence was introduced for a very narrow purpose and a purpose allowed by Rule 404B. That purpose is to show not only the knowledge that Ms. Ramirez had in this case, but the intent that she had, what she wanted to do with that marijuana. Well, let's start with the knowledge. How does it show knowledge other than by showing propensity? Well, the case law has established that a person who has previously been involved in similar conduct, in this case we have a person who's previously been involved in possession of drugs for sale, and that's what the 404B evidence showed, that that person is more likely to have knowledge of drugs when they're engaged in a similar type of act. In this case, she was engaged in the same type of act. She was engaged in the possession of marijuana for sale. I absolutely do not see the logic of that. I mean, I may agree with you that the case law says it, but I absolutely cannot see the logic of it, particularly in this instance where the prior incident didn't involve hidden marijuana. It involved – there was no doubt that she knew the marijuana there. So it isn't that she has previously said I don't know something. I don't – there was hidden marijuana. That's not true. So how does it in any respect demonstrate that she knew there was marijuana in that vaccine other than because she has a propensity to have marijuana? Your Honor, the government submits that these purposes are tied together, that is knowledge, intent, and also lack of mistake or accident. These are all purposes that are recognized by Rule 404B as nondisposition purposes for introduction of this evidence. And in this case, the defense was she not only didn't have knowledge, but of course that this was essentially an accident, that she got into this car and started driving it for Mr. Garcia, the passenger, who was the alleged real culprit as the defense presented the case. So the case law, I think, has recognized that the instance where someone has previously been in possession of narcotics for sale can be used to show not propensity, but to show that it's unlikely that this type of accident would occur again when someone has engaged in this similar conduct. But she – but there was no previous accident. Her previous incident was never claimed to be an accident. It wasn't an accident. It was in her purse. So it's just beyond me how it's anything. But it's all you're saying is she has in the past knowingly had marijuana, so she probably knowingly has marijuana again. It doesn't seem to me you're saying anything else. Respectfully, Your Honor, we do disagree. We believe that this evidence had a very proper purpose, not only to show knowledge, but to show her intent. In this case, she was in possession of a similar amount of marijuana, which she had possessed on a prior occasion. The prior occasion, she had possessed one pound of marijuana. In this case, she had possessed approximately two pounds of marijuana. On both occasions, she was intending to sell the marijuana. And this evidence went directly to an element of the government's case in chief. In the possession for intent to distribute charge, the government was required to prove that she – Let's suppose it was relevant to the intent issue if you assumed the knowledge. But it wasn't relevant to the knowledge and it was prejudicial as to the knowledge. Does that mean that it shouldn't have been admitted anyway? No, Your Honor. The government submits that. The evidence would still have been properly admitted because it was admitted for a purpose that was admissible under Rule 404B. That is intent. If the court finds that it should not have been admitted for knowledge, the evidence still should have come in for the other purposes under 404B, which are non-disposition purposes. So the government submits that the evidence was still validly admitted under any of these theories, under Rule 404B. Would there be – let's say that she had possessed before 100 pounds of marijuana, but it hadn't been shown that she was going to sell it, although one could argue, of course, by volume. But she had transported it for somebody. That was clear. She wasn't going to sell it. Would that come in? I believe the analysis would be slightly different. The government will acknowledge that. Because the – what we're looking for, I think, in the 404B analysis, is as much similarity, of course, as we can find. And in this case, we have a lot of similarity. We have similarity in the sense that we have similar amount of drugs being possessed for sale on both occasions, not just transportation. But in the first instance, we know it was possessed. In the second question, the question is, was it possessed? So how can you say that you have the same amount possessed? I'm sorry, Your Honor. I didn't hear the first part of your question. In the first instance, we know it was possessed. In the second issue, the question is, was it possessed? So how is it similar to say that somebody who's carrying something knowingly in her purse is similar to somebody who is driving around in a car where there's some hidden marijuana? Well, it's similar in the sense that in both instances, the defendant – the government is arguing and had to argue this at trial – had a similar intent. She had the intent with that similar amount of marijuana to sell it, to distribute it. And that was an element of our case in chief that we had to prove. What was the limit? Was there a limiting instruction given here? Yes, there was, Your Honor. What did it say? I'm sorry? What did it say? It was the pattern instruction, the 9th Circuit instruction on 404B evidence. It was provided and it is cited in the exertion record.  That's correct, Your Honor. So, therefore, if it shouldn't have been considered for knowledge but only for intent, the jury was misinstructed. Well, the government would concede if the court makes a determination first that the evidence should not have come in for knowledge, then perhaps the 404B instruction itself should not have mentioned the word knowledge. However, I wouldn't concede that that meant the jury was misinstructed necessarily because the jury was given proper purposes to consider the 404B evidence, which was the other purposes, intent and a lack of mistake or accident in this case. So it really boils down to this. If you do it once and you do anything similar to it the second time, then it's going to come in. Well, if in these types of cases, possession for sale. I'm talking about these drug cases. Yes. In these types of drug cases, the court's prior decisions are very clear that when you've possession for sale and you possess a similar amount of drugs in your second occasion, then that is proper 404B evidence because it is an element of the government's case in chief. It is something that we have to prove to the jury. So if somebody commits first-degree murder and then commits a second homicide and the question is did he intend to kill the person or not, you can introduce the first one because it proves he probably did. Well, I think that it's probably a different analysis, but it's similar in the vein that there's intent involved in both instances, of course. But I think what's happened here in the court's case law, and we believe the case law is developed correctly in interpretation of Rule 404B, is a recognition that people who possess amounts of drugs and have sold them on one occasion and possess them, a similar amount of drugs, similar type of drug on another occasion, it's a proper inference that they're intending to sell. I'm sorry to be frustrated because you just said I've possessed it a second time, but that's the question here, not the answer. Absolutely. That is the question for the jury. Right. Well, I think that all of these are tempered by also the prejudice rule in the evidence code, correct? I mean, you've got to get over that it wouldn't be... Rule 403? Yes. That's correct, Your Honor. It wouldn't be prejudicial. But it is a part of the test that the courts apply in these cases, and the district court did apply that test in this case, and that's clear in the record, that he did consider that this evidence was not overly prejudicial, that its probative purpose was not outweighed by the danger of unfair prejudice. So in sum, Your Honors, I would submit that the evidence in this case shows very clearly that Ms. Ramirez, who had gave this confession to knowledge of the marijuana and then came to trial and changed her story and said she actually did not know about the marijuana and tried to blame her passenger, who I point out she had exonerated in her post-marijuana confession initially. So she changed her story 180 degrees and put the government in the position of having to show why her story at trial was incorrect and why her story when she had first been arrested was correct. And all of this evidence went directly for purposes, permissible purposes, in this case. It's just, you know, it's so often when we're sitting here hearing these arguments where we think, I mean, if you had such a strong case and you did, why did you introduce this evidence which only could have caused trouble? Why didn't you just say forget it? You know, she has a confession and no one's going to believe her story and let's have a clean case here. I understand, Your Honor, and it does create a potential appellate issue, of course. However, respectfully, the government believes that any admissible evidence that goes to show her guilt should be presented in our case in chief. We don't take anything for granted. Anything that's permitted by the rules of evidence that points to the defendant's guilt and is not overly prejudicial is something that we present for the jury and we believe it's proper for them to consider. I see my time has expired. Thank you very much. Ms. Domenic? Thank you, Your Honor. I'll try and be brief. I'd first like to address the issue of the confession. I think that a plausible explanation was provided at trial, and there did exist a plausible explanation in the ER 230-253. We see that explanation. Ms. Krocke was exonerating her passenger, who was the registered owner of the car, who suffered from HIV, and that was the defense at trial. So I think this was harmful error. It was harmful because the same reasons that Garcia Orozco, where the court found that because the defendant's testimony was the crux of the That raises an interesting question because we don't know if she's going to testify, correct? Correct, Your Honor. And so the government has to put on its case assuming she's not. Correct? Or are you talking only about the confession? Well, Your Honor, I'm talking about the relevance. I think that the relevance. Oh, you're talking about her actual testimony at trial? Yes, I am, Your Honor. Okay, but so just as a practical matter, they put on their case and they got to assume the defendant, at least statistically, is not going to testify. So you're saying it was particularly the crux of this is when contrasted with her testimony, that makes it prejudicial. So the only way that that would make sense is if we had a rule that you could only put this on in rebuttal, correct? Yes, Your Honor. I don't think that would be the rule, though. I think the rule, there wouldn't be a new rule created. I think the rule would be relevance. And I think that, and I really want to address this point before my time is up, I don't think that we get to intent without knowledge. I don't think that intent was at issue until the knowledge of the marijuana in the hidden, secreted in the backseat of that vehicle is established. Therefore, I think allowing it to Of course, as Judge McKeown points out, for all the government knew when it presented this evidence, the defense was going to say no witnesses and it was going to have nothing except whatever it put on to begin with. So it didn't know at that point what the defense was or even if there was going to be one. Correct, Your Honor. And I think that's why this was highly prejudicial, extraordinarily prejudicial prior acts evidence that was allowed in, not in a relevant manner, not relevant to the issues of the case. I think that it was let in out of the gates in the government's case in chief. And I don't think that arguing that it didn't go to propensity is valid in this case. I think that it was specifically to go to propensity. I think But you'd have to make this argument apart from her testimony because otherwise you'd have the trial kind of cattywampus. You'd say, okay, the government has to decide whether to put it in anticipating whether she may or may not testify. So it has to be judged on its own as opposed to in contraposition to her testimony, doesn't it? Yes, Your Honor. If I could pick up a hypothetical that was posed is that if someone were convicted or had a prior act of a prior homicide and then was on trial for a homicide, I think that if you let that homicide in the government's case in chief, it's extraordinarily prejudicial and that it takes on a different hue than it does if the defense was at trial self-defense. If it was a self-defense presentation in the defense's case in chief, well, then you have a different standard under 4-4-B. But we're talking about the case in chief. Before Ms. Ramirez-Crocky took the stand, whether she took the stand or not, the government was allowed to bring this evidence in. And I don't think that there is similarity here. I don't think that Ms. Crocky had possession of it at trial. And the similarity between having a pound of marijuana in her purse wrapped in a pillowcase and what was in this case, which is it was hidden behind a vehicle, and the testimony of Agent Hoffman in the government's case in chief revealed that she had to slice open the backseat and remove material to go back in and get this marijuana. It's not similar. All right. I think that you make an interesting argument that we will ponder. Thank you. Thank you, counsel, for your arguments this morning. United States v. Ramirez-Crocky is submitted.
judges: McKeown, Berzon, King